UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NANCY A. KENNEY-DUSKA, Individually,
as Administratrix of the Estate of
DAVID T. KENNEY III, and as Natural
Parent and Legal Guardian of DAVID M.
KENNEY, BRIAN P. KENNEY and
KYLE T. KENNEY

vs.

C.A. NO.: 03-40093 MLW

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA, and
AMERICAN INTERNATIONAL GROUP,
INC.

Plaintiffs demands a trial by jury.

DOCKETED

## COMPLAINT

### PARTIES AND JURISDICTION

1. Plaintiff Nancy A. Kenney-Duska is a citizen and resident of Northfield, Massachusetts. Plaintiff is the widow of David T. Kenney III, who died on June 23, 2001, and the natural mother of David M. Kenney, Brian P. Kenney and Kyle T. Kenney, all of whom are minors and the natural children of the decedent, David T. Kenney III.

2. Plaintiff brings this action individually, as the natural parent and legal guardian of her minor children, David M. Kenney, Brian P. Kenney and Kyle T. Kenney, and as the duly appointed Administratrix of the Estate of David T. Kenney III.

3. Defendant National Union Fire Insurance Company of Pittsburg, PA ("National Union") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania that at all time applicable herein issued policies of insurance in the Commonwealth of Massachusetts.

RECEIPT # H04030
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. S. Jones
DATE 5-14-03

4. Defendant American International Group, Inc. ("AIG") is an international organization which conducts insurance operations and financial services in the United States through several subsidiaries. At all times applicable herein, Defendant National Union was a subsidiary of Defendant AIG.

5. Jurisdiction of this Court is proper by virtue of the diversity of citizenship between the parties pursuant to 28 U.S.C. §1332 et. seq., and the amount in controversy meets the Court's jurisdictional requirement.

## COUNT I
## UNFAIR CLAIM SETTLEMENT PRACTICES

1. On June 23, 2001, Massachusetts Electric Company was insured by Defendants National Union and AIG under a policy of liability insurance. Under the terms of said insurance, Massachusetts Electric Company was self-insured in the amount of $1,000,000, and had an excess insurance policy in the amount of $50,000,000 with Defendants National Union and AIG.

2. At all times applicable herein, Defendants National Union and AIG were engaged in the business of insurance for the purposes of Massachusetts General Laws Ch. 93A and Ch. 176D.

3. On June 23, 2001, one or more employees of Massachusetts Electric Company, while in the course and scope of their employment, negligently and carelessly failed to properly secure sections of a utility pole to a Massachusetts Electric Company truck.

4. As a result of said negligent conduct, a section of pole fell off the truck onto Pulaski Boulevard in Bellingham, Massachusetts. Shortly thereafter, the pole

section was struck by a motorist and became lodged under the front end of his truck, causing the truck to veer into the northbound lane of Pulaski Boulevard where it collided with a motor vehicle operated by plaintiffs' decedent, David T. Kenney, III, causing his death.

5. Massachusetts Electric Company and its insurers Defendants National Union and AIG immediately conducted an investigation of the subject accident. That investigation established that one or more Massachusetts Electric Company employees had negligently failed to properly secure the section of utility pole on a truck the morning of the accident, and that as a result the section of pole fell off the truck causing the accident and Mr. Kenney's death. Massachusetts Electric Company and its insurers, Defendants National Union and AIG, also became aware shortly after the accident that a number of the safety policies and procedures of Massachusetts Electric Company, as well as Department of Transportation regulations, had been violated by these employees. Within several weeks after the subject accident, the liability of Massachusetts Electric Company for the Kenney accident was or should have been reasonably clear to Massachusetts Electric Company and its insurers, National Union and AIG.

6. Almost two months after the subject accident, on August 17, 2001, Plaintiffs filed suit against Massachusetts Electric Company entitled <u>Nancy A. Kenney, et al. vs. Massachusetts Electric Company</u> U.S. for the District of Massachusetts, C.A. No.: 01-40156-NMG.

7. On December 4, 2001, Plaintiffs sent Massachusetts Electric Company a written demand for settlement of all of the Plaintiffs' claims in the amount of $15,351,691. Included with the demand letter was an analysis of the individual claims of

3

each Plaintiff, as well as an analysis of the economic loss to the estate of David T. Kenney in the amount of $1,315,691 prepared by Ernest T. Kendall, Ph.D.

8. The liability of Massachusetts Electric Company for the death of David T. Kenney was reasonably clear very shortly after the accident. It was also reasonably clear that Plaintiffs' total damages were far in excess of the self-retention limit of $1,000,000 of Massachusetts Electric Company. Defendants National Union and AIG had all of the information necessary to evaluate Plaintiffs' claims when the settlement demand was made reasonably by Plaintiffs' counsel on December 4, 2001, and to make an offer to settle Plaintiffs' claims. Defendants National Union and AIG never responded to Plaintiffs' demand letter, nor made any effort to effectuate a prompt, fair and equitable settlement of this matter.

9. Following the settlement demand, Plaintiff continued to expend substantial time, effort and expense in conducting extensive pretrial discovery in the Nancy A. Kenney, et al. vs. Massachusetts Electric Company case, which is ongoing at this time.

10. On March 18, 2003, Plaintiffs served Massachusetts Electric Company with a demand letter pursuant to the provisions of Massachusetts Laws Ch. 93A and Ch. 176D.

11. On April 18, 2003, Plaintiffs received a response to the Chapter 93A demand letter from Defendants National Union and AIG. In their response, National Union and AIG made their first offer to settle the claims of plaintiffs in the amount of $1,250,000, which included the $1,000,000 self-insured retention limit of Massachusetts Electric Company. Thus, Defendants National Union and AIG's contribution to the offer was the total sum of $250,000. That offer was unreasonable, did not constitute an

attempt to fairly and equitably settle this matter, and constituted bad faith conduct and unfair claims settlement practices by Defendants National Union and AIG.

12. Defendants National Union and AIG have violated the provisions of Massachusetts General Laws Ch. 93A and Ch. 176D in that they have:

 a. Failed to effectuate prompt, fair and equitable settlement of the plaintiffs' claims despite the fact that the liability of Defendants' insured, Massachusetts Electric Company, was reasonably clear shortly after the accident occurred on June 23, 2001;

 b. Failed to make an offer of settlement in this matter, despite the fact that it was reasonably clear shortly after the Kenney accident that the Plaintiffs' damages exceeded the self-retention limits of Massachusetts Electric Company;

 c. Failed to make a reasonable offer of settlement in response to Plaintiffs' Chapter 93A letter;

 d. Required plaintiffs to institute and conduct unnecessary litigation and discovery;

 e. Required plaintiffs to incur substantial costs and expenses in conducting unnecessary litigation and discovery;

 f. Otherwise engaged in bad faith conduct.

WHEREFORE, Plaintiff Nancy Kenney-Duska demands judgment against Defendants National Union and AIG for the following damages:

 1. Compensation for injuries caused by defendants' conduct,

 2. Treble damages as provided by Massachusetts General Laws Ch. 93A and Ch. 176D;

3. Punitive damages;

4. Attorney fees, interest and costs; and

5. Such other relief as ordered by the Honorable Court.

NANCY A. KENNEY-DUSKA,
Individually, and
as Administratrix of the Estate of
DAVID T. KENNEY III, and as Natural
Parent and Legal Guardian of DAVID M.
KENNEY, BRIAN P. KENNEY and
KYLE T. KENNEY

By her Attorneys,

*[signature]*

Mark B. Decof, Esq. RI Bar # 2357
Admitted Pro Hac Vice per Order
Dated August 21, 2001
Decof & Decof, P.C.
One Smith Hill
Providence, RI  02903
Telephone:  (401) 272-1110
Facsimile:  (401) 351-6641

*[signature]*

Vincent T. Cannon, Esq. BBO#072240
Decof & Decof, P.C.
One Smith Hill
Providence, RI  02903
Telephone:  (401) 272-1110
Facsimile:  (401) 351-6641