UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

C.A. No. 03-40093-~~NMG~~ MLW



| |
|---|
| NANCY A. KENNEY-DUSKA, Individually, as Administratrix of the Estate of DAVID T. KENNEY III, and as Natural Parent and Legal Guardian of DAVID M. KENNEY, BRIAN P. KENNEY and KYLE T. KENNEY, <br><br>        Plaintiff, <br><br>v. <br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, and AMERICAN INTERNATIONAL GROUP, INC., <br><br>        Defendants. |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY PROCEEDINGS TEMPORARILY**

The defendants, National Union Fire Insurance Company of Pittsburg, PA ("National Union") and American International Group, Inc. ("AIG") (collectively, the "Defendants"), respectfully submit this Memorandum Of Law in support of their Motion To Stay Proceedings Temporarily (the "Motion"). The Defendants request that this Court issue a temporary stay of all proceedings in this action pending resolution of the tort action styled *Nancy A. Kenney, et al. v. Massachusetts Electric Company*, U.S. District Court for the District of Massachusetts, C.A. No. 01-40156-NMG (the "Underlying Action"). A temporary stay in this case is warranted



because the outcome of the Underlying Action may have a significant impact on the proceedings in this case, the Defendants would be materially prejudiced in the absence of a temporary stay, and no prejudice would befall the Plaintiff if Defendants' Motion were allowed.

## PROCEDURAL BACKGROUND

On or about August 17, 2001, the Plaintiff, Nancy A. Kenney-Duska (the "Plaintiff"), filed with this Court the Underlying Action for wrongful death, alleging, *inter alia*, that on June 23, 2001, the Plaintiff's decedent, David T. Kenney, III, died as a result of the alleged negligence of Massachusetts Electric Company ("Massachusetts Electric"). At the time of the alleged negligence, Massachusetts Electric held a policy of liability insurance issued by National Union.

On or about March 18, 2003, over one and one-half years after the Plaintiff filed the Underlying Action, the Plaintiff sent Massachusetts Electric a letter purportedly pursuant to M.G.L. c. 93A (the "Demand Letter") demanding settlement of that case. On or about April 18, 2003, a response to the March 18, 2003 letter was sent, which response contained an offer to settle the case for $1,250,000. The Plaintiff rejected the Defendants' offer of settlement, initiated the instant action, and on or about May 19, 2003, served the Complaint, which claims that the Defendants have engaged in unfair claim settlement practices under M.G.L. c. 176D and M.G.L. c. 93A. The Defendants are filing Answers to that Complaint along with this Motion to Stay.

Meanwhile, the Underlying Action currently remains unresolved. Upon information and belief, the discovery deadline for the Underlying Action passed on June 1, 2003, and a pretrial conference is scheduled to take place on July 2, 2003.

## ARGUMENT

As recognized by the First Circuit and this District Court, "[i]t is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. Federal Deposit Ins. Corp.*, 965 F.2d 1148, 1154-55 (1st Cir. 1992) (citations omitted) (stay may be appropriate where there is good cause for its issuance, where it is reasonable in duration, and where competing equities are weighed and balanced); *see also Bowlby v. Carter Mfg. Corp.*, 138 F. Supp. 2d 182, 188 (D. Mass. 2001) (Gorton, J.) ("Even without explicit statutory authority to do so, a court, in its discretion, may stay any case pending before it as an exercise of its inherent power to control its own docket.") (citations omitted). For reasons set forth below, there is good cause to issue a stay in the instant matter, the duration of the stay is reasonable, and a balancing of the equities militates in favor of granting the Defendants' Motion.

It is a well-established Massachusetts practice to stay an action for bad faith insurance practices pending resolution of the underlying tort action. *See, e.g., Bobick v. U.S. Fid. & Guar. Ins. Co.*, 57 Mass. App. Ct. 1, 3 (2003) (noting that claims under M.G.L. c. 176D, § 3(9)(d, f) were stayed "pending the outcome of the underlying negligence action"); *Kay Constr. Co. v. Control Point Assocs., Inc.*, No. 012426, 2002 WL 31187825, at *6 (Mass. Super. Aug. 16, 2002) (Agnes, J.) ("[i]t is

3

appropriate to fashion protective orders in cases where a G.L. c. 93A claim against an insurer are premature until its insured has been found liable") (attached at Exhibit A); *Kurker v. Kemper Risk Mgmt. Servs.*, No. 950949E, 1999 WL 1204006, at *1 (Mass. Super. Nov. 10, 1999) (van Gestel, J.) (noting that claims under M.G.L. c. 176D were stayed "pending the outcome of the underlying claim") (attached at Exhibit B); *Rodriguez v. Cambridge Housing Authority*, No. CA 954904, 1996 WL 1352975, at *2 n. 7 (Mass. Super. May 13, 1996) (Cowin, J.) (noting that claims of violations of M.G.L. c. 93A and c. 176D had been stayed) (attached at Exhibit C). *See also Belcher v. Pawtucket Mut. Ins. Co.*, Appeals Court No. 89-J-672 (Sept. 27, 1989) (Kass, J.) ("to authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order") (attached at Exhibit D). Since the Underlying Action currently remains unresolved, the instant action for unfair settlement claims practices should be stayed in accordance with the usual Massachusetts practice.

The instant matter is closely analogous to *Gross v. Liberty Mutual Insurance Co.*, No. 84-0138, 1984 Mass. App. LEXIS 2011 (Apr. 24, 1984) (attached at Exhibit E). There, as here, the plaintiff rejected an insurer's offer of settlement in a tort case and subsequently initiated an unfair claim settlement practice action against the insurer. *Id.* at *1. In reversing the trial court's denial of the insurer's request for a protective order, the Appeals Court emphasized the "significant fact" that the insured's liability – and the damages flowing from that liability – had yet to be ascertained in the underlying action. *Id.* The Appeals Court added, "[s]hould there be a verdict in favor of [the] insured, should there be a verdict within the range of

4

the [settlement] offered, or should there be a settlement within the range of the [settlement] offered, a claim of unfair settlement could scarcely be made out." *Id.* Likewise here, should there be a verdict in favor of Massachusetts Electric, or should there be a verdict within the range of the $1.25 million offered, or should there be a settlement within the range of the $1.25 million offered, the Plaintiff would not be able to make out a case for bad faith settlement practices under M.G.L. c. 176D, § 3(9)(f). Simply put, the outcome of the Underlying Action may significantly impact the proceedings in the instant action, and as the *Gross* decision strongly suggests, interests of judicial economy militate toward allowance of the Defendants' Motion pending resolution of the Underlying Claim.

Additionally, denial of the Defendants' Motion would be materially prejudicial to the Defendants, while allowance of the Motion would not materially prejudice the Plaintiff's interests. If the Defendants' Motion were denied, the Defendants ostensibly could be required to produce any and all claim settlement files pertinent to the Underlying Action, thereby revealing to the Plaintiff information that likely would be considered privileged or work product if sought during discovery in the Underlying Action. Indeed, the timing of the Plaintiff's bad faith insurance practices claim, coming as it does toward the end of the discovery process in the Underlying Action, suggests that the Plaintiff seeks to improve her position vis-à-vis Massachusetts Electric (and, by extension, the Defendants) by gaining access to files otherwise unavailable to her under common law privilege principles. This Court should not countenance such a result.

By comparison, the Plaintiff would suffer no prejudice if the Defendants' Motion were allowed. The stay sought by the Defendants would be temporary only and could be easily lifted upon resolution of the Underlying Action. Accordingly, the Plaintiff's ability to pursue her alleged bad faith insurance claim practices case against the Defendants would not be impaired by a temporary stay. In sum, a balancing of harms clearly militates toward granting the Defendants' Motion to Stay.

## CONCLUSION

For the foregoing reasons, National Union and AIG respectfully request that this Court order all proceedings in this matter temporarily stayed pending resolution of *Nancy A. Kenney v. Massachusetts Electric Company*, U.S. District Court for the District of Massachusetts, C.A. No. 01-40156-NMG.

> Respectfully submitted,
> **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and AMERICAN INTERNATIONAL GROUP, INC.,**
>
> By their attorneys,
> **HOLLAND & KNIGHT LLP**
>
> By: _____
> Stephen S. Young (BBO No. 538040)
> Matthew C. Bouchard (BBO No. 651490)
> 10 St. James Avenue
> Boston, MA 02116
> 617-523-2700

Date: June 12, 2003

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to the

below counsel via first class mail on this ___13th___ day of June, 2003, addressed to: Mark B. Decof, Esq., Vincent T. Cannon, Esq., Decof & Decof, P.C., One Smith Hill, Providence, RI 02903.

*/s/ Daniel K. Hampton*
Daniel K. Hampton

BOS1 #1344539 v2