UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

C.A. No. 03-40093-~~NMG~~ MLW

NANCY A. KENNEY-DUSKA,
Individually, as Administratrix of the
Estate of DAVID T. KENNEY III, and as
Natural Parent and Legal Guardian of
DAVID M. KENNEY, BRIAN P.
KENNEY and KYLE T. KENNEY,

        Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA, and
AMERICAN INTERNATIONAL
GROUP, INC.,

        Defendants.



## ANSWER OF DEFENDANT
## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA

Defendant National Union Fire Insurance Company of Pittsburg, PA ("National Union") hereby states as follows in response to each numbered paragraph of plaintiff's Complaint in this case:

1. National Union is without knowledge or information sufficient either to admit or deny the allegations contained in this paragraph.

2. This paragraph sets forth conclusions of law to which no response is required.

3. National Union admits the allegations in this paragraph.

4. National Union admits the allegations in this paragraph.

5. This paragraph sets forth conclusions of law to which no response is required.

## COUNT I
## UNFAIR SETTLEMENT PRACTICES

1. National Union denies that Massachusetts Electric Company had a policy of liability insurance with AIG. National Union admits the remaining allegations in this paragraph.

2. This paragraph sets forth conclusions of law to which no response is required.

3. National Union admits, based upon information and belief, that on June 23, 2001, one or more employees of Massachusetts Electric Company secured sections of a utility pole to a Massachusetts Electric Company truck. The remainder of this paragraph sets forth conclusions of law to which no response is required.

4. National Union admits, based upon information and belief, that a section of pole fell off the truck onto Pulaski Boulevard in Bellingham, Massachusetts. National Union further admits, based upon information and belief, that, shortly thereafter, the pole section was struck by another vehicle and became lodged under the front end of the truck. National Union further admits, based upon information and belief, that the truck then veered into the northbound lane of Pulaski Boulevard where it collided with a motor vehicle operated by David T. Kenney, III, who subsequently died. The remainder of this paragraph sets forth conclusions of law to which no response is required.

5. National Union denies that AIG is an insurer of Massachusetts Electric Company. National Union admits that it promptly conducted an investigation of the accident, and further says that the results of that investigation are contained in National Union's internal file which is presently protected by the attorney-client privilege and work-product doctrine. National Union further says that the remainder of this paragraph sets forth conclusions of law to which no response is required.

6. National Union admits the allegations in this paragraph.

7. National Union admits that plaintiff sent a letter dated December 4, 2001, to Massachusetts Electric Company, but says that the letter speaks for itself.

8. National Union denies the allegations in this paragraph.

9. National Union is without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

10. National Union admits that plaintiff sent a letter dated March 18, 2003, to Massachusetts Electric Company, and says that the letter speaks for itself.

11. National Union admits a letter was sent in response to plaintiff's letter dated March 18, 2003, but says that the letter speaks for itself. National Union denies the remaining allegations contained in this paragraph.

## First Defense

And further answering, National Union says plaintiff's complaint fails to state claims upon which relief can be granted against National Union because the plaintiff has failed to set forth facts constituting a violation of G.L. c. 93A, § 9.

### Second Defense

And further answering, National Union says that plaintiff is barred from recovering in this action because it failed to make a written demand upon National Union as required by G.L. c. 93A, § 9.

### Third Defense

And further answering, National Union says plaintiff is barred from recovering in this action because the written demand it made does not meet the requirements of G.L. c. 93A, § 9.

### Fourth Defense

And further answering, National Union says that the plaintiff is barred from recovering in this action because no actions of National Union caused any injury to the plaintiff.

### Fifth Defense

And further answering, National Union says that punitive damages are not recoverable by the plaintiff by reason of the claims set forth in the Complaint.

### Sixth Defense

And further answering, National Union reserves its right to rely upon such other and further defenses as may become apparent during the proceedings in this case.

WHEREFORE, National Union prays that the Court:

1. Enter judgment in National Union's favor on all counts, and

2. Grant such other relief as the Court deems just.

> Respectfully submitted,
>
> NATIONAL UNION FIRE INSURANCE
> COMPANY OF PITTSBURGH, PA,
>
> By its attorneys,
>
> HOLLAND & KNIGHT LLP
>
> Stephen S. Young (BBO No. 538040)
> Daniel K. Hampton (BBO No. 634195)
> 10 St. James Avenue
> Boston, MA 02116
> 617-523-2700

Date: June 13, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to the below counsel via first class mail on this ___13th___ day of June, 2003:

Mark B. Decof, Esq.
Vincent T. Cannon, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

> Daniel K. Hampton

BOS1 #1344405 v2