UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

C.A. No. 03-40093-~~NMG~~ MLW



NANCY A. KENNEY-DUSKA,
Individually, as Administratrix of the
Estate of DAVID T. KENNEY III, and as
Natural Parent and Legal Guardian of
DAVID M. KENNEY, BRIAN P.
KENNEY and KYLE T. KENNEY,

    Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA, and
AMERICAN INTERNATIONAL
GROUP, INC.,

    Defendants.

## ANSWER OF DEFENDANT AMERICAN INTERNATIONAL GROUP, INC.

Defendant American International Group, Inc. ("AIG") hereby states as follows in response to each numbered paragraph of plaintiff's Complaint in this case:

    1.    AIG is without knowledge or information sufficient either to admit or deny the allegations contained in this paragraph.

    2.    This paragraph sets forth conclusions of law to which no response is required.



3. AIG is without knowledge or information sufficient either to admit or deny the allegations contained in this paragraph.

4. AIG admits the allegations in this paragraph.

5. This paragraph sets forth conclusions of law to which no response is required.

## COUNT I
## UNFAIR SETTLEMENT PRACTICES

1. AIG denies that Massachusetts Electric Company had a policy of liability insurance with AIG. AIG is without knowledge or information sufficient either to admit or deny the remaining allegations contained in this paragraph.

2. This paragraph sets forth conclusions of law to which no response is required.

3. AIG is without knowledge or information sufficient either to admit or deny the allegations contained in this paragraph.

4. AIG is without knowledge or information sufficient either to admit or deny the allegations contained in this paragraph.

5. AIG denies that AIG is an insurer of Massachusetts Electric Company. AIG admits that National Union promptly conducted an investigation of the accident, and further says that the results of that investigation are contained in National Union's internal file which is presently protected by the attorney-client privilege and work-product doctrine. AIG further says that the remainder of this paragraph sets forth conclusions of law to which no response is required.

6. AIG admits the allegations in this paragraph.

2

7. AIG admits that plaintiff sent a letter dated December 4, 2001, to Massachusetts Electric Company, but says that the letter speaks for itself.

8. AIG denies the allegations in this paragraph.

9. AIG is without knowledge or information sufficient to either admit or deny the allegations contained in this paragraph.

10. AIG admits that plaintiff sent a letter dated March 18, 2003 to Massachusetts Electric Company, and says that the letter speaks for itself.

11. AIG admits a letter was sent in response to plaintiff's letter dated March 18, 2003, but says that the letter speaks for itself. AIG denies the remaining allegations contained in this paragraph.

## First Defense

And further answering, AIG says plaintiff's complaint fails to state claims upon which relief can be granted against AIG because the plaintiff has failed to set forth facts constituting a violation of G.L. c. 93A, § 9.

## Second Defense

And further answering, AIG says plaintiff is barred from recovering in this action because it failed to make a written demand upon AIG as required by G.L. c. 93A, § 9.

## Third Defense

And further answering, AIG says plaintiff is barred from recovering in this action because the written demand it made does not meet the requirements of G.L. c. 93A, § 9.

### Fourth Defense

And further answering, AIG says that the plaintiff is barred from recovering in this action because no actions of AIG caused any injury to the plaintiff.

### Fifth Defense

And further answering, AIG says that punitive damages are not recoverable by the plaintiff based upon the claims set forth in the Complaint.

### Sixth Defense

And further answering, AIG reserves its right to rely upon such other and further defenses as may become apparent during the proceedings in this case.

WHEREFORE, AIG prays that the Court:

1. Enter judgment in AIG's favor on all counts, and
2. Grant such other relief as the Court deems just.

> Respectfully submitted,
> AMERICAN INTERNATIONAL
> GROUP, INC.
>
> By its attorneys,
> HOLLAND & KNIGHT LLP
>
> By: _____
> Stephen S. Young (BBO No. 538040)
> Daniel K. Hampton (BBO No. 634195)
> 10 St. James Avenue
> Boston, MA 02116
> 617-523-2700

Date: June 1?, 2003

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to the below counsel via first class mail on this ___13th___ day of June, 2003:

Mark B. Decof, Esq.
Vincent T. Cannon, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

_____
Daniel K. Hampton

BOS1 #1349397 v2