UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NANCY A. KENNEY-DUSKA, Individually,
as Administratrix of the Estate of
DAVID T. KENNEY III, and as Natural
Parent and Legal Guardian of DAVID M.
KENNEY, BRIAN P. KENNEY and
KYLE T. KENNEY

vs.                                              : C.A. NO.: 03-40093- ~~NMG~~ MLW

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG, PA, and
AMERICAN INTERNATIONAL GROUP, INC.

## PLAINTIFF'S OBJECTION AND SUPPORTING MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS

Plaintiff, Nancy A. Kenney-Duska, Individually, as Administratrix of the Estate of David T. Kenney, III, and as Natural Parent and Legal Guardian of David M. Kenney, Brian P. Kenney and Kyle T. Kenney, hereby objects to defendants, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Group, Inc.'s ("AIG") Motion to Stay Proceedings and submits this Opposition and Memorandum of Law in support of her objection. Defendants have moved this Court for a stay of <u>Nancy A. Kenney-Duska, et al. v. National Union Fire Insurance Company of Pittsburg, PA</u>, U.S. District Court for the District of Massachusetts, C.A. No. 03-40093-NMG. Contrary to Defendants' assertions, current Massachusetts law mandates that the underlying tort action and the c. 93A claim proceed to trial simultaneously. Accordingly, defendants' motion for a stay should be denied.



## Facts/Travel

On June 23, 2001, one or more employees of Massachusetts Electric Company ("MEC") failed to properly secure a section of a utility pole to a MEC truck. As a result of the employees' negligent conduct, a section of the pole fell off the truck onto Pulaski Boulevard in Bellingham, Massachusetts.[1] A passing motorist then struck the utility pole and the pole became lodged under the motorist's truck causing the motorist to veer into the northbound lane of Pulaski Boulevard where it collided with David T. Kenney's vehicle. Tragically, Mr. Kenney died as a result of the collision. Mr. Kenney is survived by his wife and his three minor sons. At the time of Mr. Kenney's death, MEC was self-insured in the amount of $1,000,000, and had an excess insurance policy in the amount of $50,000,000 with defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American International Group, Inc. ("AIG").

Two months after the accident, Mrs. Kenney-Duska filed suit against MEC (<u>Nancy A. Kenney et al. vs. Massachusetts Electric Company</u> U.S. District Court for the District of Massachusetts, C.A. No.: 01-40156-NMG). On December 4, 2001, Mrs. Kenney-Duska mailed a settlement letter demanding settlement of all compensatory damage claims in the sum of $15,315,691. (Attached as Exhibit A). National Union and AIG failed to respond to Mrs. Kenney-Duska's settlement demand. Fifteen months after sending her initial settlement demand, Mrs. Kenney-Duska mailed counsel for MEC and National Union a "93A letter" pursuant to Massachusetts General Laws Chapter 93A and Chapter 176D. (Attached as Exhibit B). In this letter, Mrs. Kenney-Duska alleged that National Union and its parent company, AIG, "engaged in unfair and deceptive

---

[1] Shortly after the accident, MEC was aware that several of the Company's safety regulations were violated by its employees thus causing the utility pole section to fall out of the MEC truck.

claims settlement practices, which include the failure to effectuate prompt, fair and equitable settlement of this claim as required by Mass. Gen. Laws ch. 176D, § 3(9)." (March 18, 2003 93A Letter).

On April 18, 2003, almost a year and a half after Mrs. Kenney-Duska made her first settlement demand, National Union mailed a response to plaintiff offering to settle the case for $1,250,000. This offer included the $1,000,000 self-insured retention limit of MEC and only a $250,000 contribution from National Union and AIG despite a policy limit of $50,000,000. Mrs. Kenney-Duska rejected this late offer and filed the instant action pursuant to M.G.L. c. 93A and M.G.L. c. 176D alleging that defendants had engaged in unfair settlement practices by failing to effectuate a prompt, fair and equitable settlement of the plaintiff's claims despite the fact that defendants' liability was reasonably clear. (c. 93A Complaint attached as Exhibit C). As a result of defendants' bad faith conduct, Mrs. Kenney-Duska has been compelled to institute and prosecute litigation to recover amounts due her and her minor children.

Defendants seek a stay of the instant proceedings asserting "no prejudice would befall the Plaintiff if Defendants' Motion were allowed." (Def. Memo at 2). For the reasons that follow, a stay in the instant action is not warranted and Mrs. Kenney-Duska and her three minor sons would suffer severe prejudice should defendants' motion be granted.

### **Argument**

Neither Massachusetts law nor Massachusetts practice dictate that this Court grant defendants' motion to stay. In fact, the Appeals Court of Massachusetts has said that separating a tort claim from a c. 93A claim for purposes of trial is "undesirable."

3

Wyler v. Bonnell Motor, Inc., 35 Mass. App. Ct. 563, 568 (1993). The Wyler court reasoned:

> [The] bifurcation of common law claim and c. 93A claim has little to commend it. Two trials result instead of one, although the underlying facts and the witnesses are substantially the same. It is not only possible, but it is the norm as well as the preferred practice for a judge to try common law and c. 93A questions simultaneously. In that setting the judge has the choice of: (1) allowing the jury to decide the 93A question as well; (2) taking from the jury a nonbonding advisory opinion of the 93A question; or (3) deciding the 93A question independently.

Wyler, 35 Mass. App. Ct. at 566 (citing W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 753 (1993)); accord Rurak v. Medical Professional Mutual Insurance Co., 2003 WL 21212721 (D.Mass. May 19, 2003) (court is not required to stay a claim for bad faith insurance practices pending the resolution of a medical malpractice trial); Sanchez v. Witham, 2003 WL 1880131 (Mass. App. Div.) (tort action and c. 93A claim should be tried together to avoid waste of judicial resources); Sacco v. News Boston Group, 1994 WL 879725 (Mass. Super.) (tort action arising from motor vehicle accident should be tried simultaneously with c. 93A claim).

Defendants claim that "it is a well-established Massachusetts practice to stay an action for bad faith insurance practices pending resolution of the underlying tort action." (Def. Memo at 3). In support of this contention, defendants cite passages from Massachusetts decisional law wherein courts have alluded to the fact that the bad faith action was stayed pending resolution of the underlying tort. In support of this contention, defendants rely principally on Gross v. Liberty Mutual Insurance Co., No. 84-0138, 1984 Mass. App. LEXIS 2011 (Apr. 24, 1984) an unreported decision of the Appeals Court of Massachusetts. In Gross, the court concluded that since the underlying tort action had not yet been resolved, the filing of a c. 93A action was premature.

4

However, this proposition no longer accurately reflects the current status of c. 93A actions relative to the underlying tort. "[I]t is now the generally accepted rule in Massachusetts that common law and c. 93A claims be tried simultaneously." Sacco, 1994 WL 879725 at 2. In fact, it is no longer even necessary to file a civil action for the underlying tort; instead, a party may proceed only with the c. 93A claim if he or she so chooses. See Rurak v. Medical Professional Mutual Insurance Co., 2003 WL 21212721 (D.Mass. May 19, 2003) (where injured medical malpractice victim filed a c. 93A action against doctor's insurer without first having filed a separate claim for the medical malpractice).

Defendants also contend that good cause exists for granting the stay. According to Defendants, should this Court allow this action to proceed in a normal timely fashion absent any dilatory stays, defendants could be ordered to produce their settlement claims files during the course of discovery. This asseveration is without merit. A passage from the Sacco court bears repeating,

> Discovery in the G.L. c. 93A and 176D claims is limited to determining whether the defendants violated their duty of fair dealing in settlement negotiations with the plaintiff. Discovery in the underlying tort claim rests on considerations of negligence. Accordingly, the obligation to negotiate in good faith is separate and apart from a determination of the merits in the case.

Sacco, 1994 WL 879725 at 2. Any concerns that work-product information would be inappropriately divulged could be assuaged with a proper motion for a protective order and *in camera* review of the documents. See Sanchez, 2003 WL 1880131 (Mass. App. Div.) at 4.

5

### Conclusion

Massachusetts law mandates that the trial for Mr. Kenney's death and the c. 93A action be tried simultaneously. Plaintiffs would suffer severe prejudice should this Court grant defendants' motion for a stay. Mr. Kenney died two years ago and despite the fact that liability is reasonably clear defendants have refused to make a serious settlement offer. This Court should deny defendants' most recent dilatory tactic and deny the Motion to Stay Proceedings.

NANCY A. KENNEY-DUSKA,
Individually,
and as Administratrix of the Estate of
DAVID T. KENNEY III, and as Natural
Parent and Legal Guardian of DAVID M.
KENNEY, BRIAN P. KENNEY and
KYLE T. KENNEY

By her Attorneys,

_____
Mark B. Decof, Esq. RI Bar # 2357
Admitted Pro Hac Vice per Order
Dated August 21, 2001
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

*[Signature]*

Vincent T. Cannon, Esq. BBO#072240
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903
Telephone: (401) 272-1110
Facsimile: (401) 351-6641

### CERTIFICATION

I hereby certify that a true and accurate copy of the within document was sent by regular mail, postage prepaid from Decof & Decof, P.C., One Smith Hill, Providence, RI 02903 to **Stephen S. Young, Esq., Matthew C. Bouchard, Esq., and Daniel Hampton, Esq.**, Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116 on this 26TH day of June 2003.

*[Signature]*

Kenny II P002

7